**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:                                                                 Chapter 11

  **41-23 HAIGHT REALTY INC.,**                    No. 19-43441-nhl
  **a/k/a 41-23 HAIGHT STREET REALTY, INC.,**

                                  **Debtor.**         **Hon. Nancy Hershey Lord**

---

**THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF 41-23 HAIGHT**
**REALTY INC., a/k/a 41-23 HAIGHT STREET**
**REALTY, INC.,**

                                 **Plaintiff,**

                                                  Adv. Pro. No. 21-_____-nhl

  v.

                                                    **COMPLAINT**

**42-29 PARSONS REALTY INC.; and**
**XIU QIN SHI,**

                               **Defendant(s).**

---

      The Official Committee of Unsecured Creditors (the "Committee"), of 41-23 Haight Realty

Inc., a/k/a 41-23 Haight Street Realty, Inc. ("Haight Realty" or, the "Debtor"), by and through its

undersigned counsel, as and for its Complaint, alleges as follows:

### NATURE OF THE PROCEEDING

      1.    The Defendants named in this complaint received the below identified Transfer(s)

(defined below), as a result of the real estate development scheme perpetrated through Haight Realty

by its insiders, which substantially aided, enabled, and helped sustain the massive fraud perpetrated

against the creditors of the Debtor's estate, as well as against the other individuals and entities who

entered into contracts with Haight Realty and its countless affiliated entities.

      2.    Defendant received approximately $173,000.00 in avoidable transfers from Haight

Realty, funds that were being funneled off Haight Realty's account for purposes other than developing the Debtor's real estate project located in Flushing, New York.

3.    Through this Complaint, the Committee seeks the return of the Transfer(s), or the value thereof, as well as the disgorgement of all funds, properties, and assets by which Defendants were unjustly enriched.

## JURISDICTION AND VENUE

4.    The Committee brings this adversary proceeding pursuant to sections 105(a), 544, 547, 548(a), 550(a), and 551 of title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act ("N.Y. Debt. & Cred."), New York Civil Practice Law and Rules ("N.Y. C.P.L.R."), and other applicable law, for avoidance and recovery of preferential transfers and fraudulent conveyances, unjust enrichment, money had and received, and consequential damages.

5.    The Committee seeks, among other things, to avoid and recover such transfers from the Defendant in whatever form it may now, or in the future, exist, for the benefit of the Haight Realty estate.

6.    This adversary proceeding relates to the involuntarily commenced chapter 11 main bankruptcy case titled *In re 41-23 Haight Realty Inc., a/k/a Haight Street Realty, Inc.*, No. 19-43441-nhl, currently pending before Hon. Nancy Hershey Lord of the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse.

7.    The Committee consents to the entry of a final judgment or order with respect to only this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O).

9.    Venue in this district is proper under 28 U.S.C. § 1409.

## BACKGROUND

10.     On August 8, 2019, following the filing of a petition for involuntary relief by certain creditors of the Debtor on June 4, 2019 (the "Petition Date"), and a hearing held on the Debtor's motion to dismiss the involuntary petition, the United States Bankruptcy Court for the Eastern District of New York (the "Court"), entered an Order for Relief under Bankruptcy Code section 303(h) [ECF No. 16].  The Involuntary Petition was filed as a result of Haight Realty's failure to honor contractual and other commitments with respect to constructing and developing residential and commercial units at the Debtor's real properties located in Queens County and identified as [Block] 5063, Lots 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 55 Haight Street, Flushing, New York 11355 (the "Real Property").

11.     Prior to the Petition Date, on October 22, 2018, 41-31 Haight Street Lender LLC ("Haight Street Lender") commenced a foreclosure proceeding against Haight Realty, titled *41-31 Haight Street Lender LLC v. 41-23 Haight Realty Inc., et al.*, No. 716119/2018, in Queens County Supreme Court (the "Foreclosure Proceeding" and references to its pleadings and other filings, "NYS ECF No.").   On June 25, 2019, Haight Realty filed a *Notice of Filing of Involuntary Bankruptcy and of the Automatic Stay* in the Foreclosure Proceeding [NYS ECF No. 143].

12.     On July 22, 2019, Haight Street Lender filed a motion seeking, among other things, the appointment of a chapter 11 trustee [ECF No. 7].  On August 12, 2019, the Court entered an order appointing Gregory Messer, Esq., chapter 11 trustee (the "Trustee"), to manage the Debtor's estate, pursuant to Bankruptcy Code sections 1104 and 1106 [ECF No. 20].

13.     On July 17, 2020, the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102 [ECF No. 221].  On September 3, 2020, the Office of the United States Trustee filed its *Amended Appointment of Official Committee of Unsecured Creditors* (the "Amended Appointment") [ECF No. 297].  The Committee consists of the following members:

(i) Matthew Krepil, and (ii) Wei Zhu.

14.    Before the Committee's appointment, on July 4, 2020, the Trustee filed a Motion seeking authority to sell the Real Property free and clear of any liens pursuant to Bankruptcy Code section 363(f) (the "Sale Motion") [ECF No. 183].  On July 21, 2020, the Court entered an order granting the relief sought in the Sale Motion, including approving August 5, 2020 as the date of the Virtual Auction, approving the Revised Sale Terms and the Revised Notice of Sale (as each of those terms are defined in the Sale Motion), and scheduling a hearing to confirm the sale of the Real Property for August 6, 2020.  On August 13, 2020, the Court entered the *Order Confirming the Sale of the Debtor's Real Property to JCBD Investment Inc./Jinyu Zhang or Its Designee as the Successful Purchaser at the Virtual Public Auction Held on August 5, 2020 Free and Clear of All Liens, Claims, Encumbrances and Other Interests and Related Relief* [ECF No. 262].  On October 15, 2020, the *Report of Public Sale* was filed with the Court [ECF No. 337].

15.    On February 25, 2021, the Trustee filed the *Chapter 11 Trustee's Motion Seeking an Order: (A) Approving the Trustee's Disclosure Statement, (B) Scheduling Hearing on Confirmation of the Trustee's Plan of Liquidation and Notice of Procedures Thereof, and (C) Establishing Procedures for Solicitation of Ballots and Voting Deadline* [ECF No. 416].  By correspondence dated February 26, 2021, the Trustee requested that the hearing on the adequacy of the disclosure statement be adjourned from March 2, 2021 to March 30, 2021 [ECF No. 418].

16.    On April 5, 2021, the Trustee filed the *Chapter 11 Trustee's First Amended Plan of Liquidation* (the "Plan"), together with the *First Amended Disclosure Statement* (the "Disclosure Statement") [ECF No. 425].  On April 7, 2021, the Court entered an order approving the Plan and Disclosure Statement, and scheduled a confirmation hearing for May 25, 2021 [ECF No. 427].  Prior to the confirmation hearing, the Trustee submitted his *Certification of Ballots* (the "Ballot Certification") [ECF No. 465], and the *Declaration of Gregory M. Messer in Support of the Chapter 11*

4

*Trustee's First Amended Chapter 11 Plan of Liquidation* [ECF No. 477]. On May 28, 2021, the Court entered the *Order Confirming the Chapter 11 Trustee's First Amended Plan of Liquidation* (the "Confirmation Order") [ECF No. 482].

## THE COMMITTEE'S STANDING AND AUTHORITY

17.     Pursuant to Article XI of the Plan, the Committee has standing and the authority to commence and prosecute the claims alleged in this Complaint.

## THE DEFENDANTS

18.     Upon information and belief, Defendant 42-29 PARSONS REALTY INC. is a Corporation, organized and existing under the laws of the State of New York, with its principal place of business located at "86-22 BROADWAY, 2ND FLOOR, ELMHURST, NY, United States, 11373"[1]  (the "Corporate Defendant").

19.     Upon information and belief, and subject to amendment as additional information becomes available, the Corporate Defendant is an insider of the Debtor as that term is defined by Code section 101(31).

20.     Upon information and belief, Defendant XIU QIN SHI is a natural person whom maintains a residence at 3 August Lane, Old, Westbury, NY 11568 (the "Individual Defendant" and together with Corporate Defendant, the "Defendants").

21.     Pursuant to the records maintained by the New York State Department of State Division of Corporations, Business Entity Database, the Individual Defendant is identified as Chief Executive Officer of 42-29 PARSONS REALTY INC..

22.     The Individual Defendant is an insider of the Debtor.  Upon information and belief,

---

[1] Address of record as recorded in the Business Entity Database maintained by the New York State Department of State Division of Corporations.

and subject to amendment as additional information becomes available, the Corporate Defendant is an insider of the Debtor and the Individual Defendant is also an insider of the Corporate Defendant.

23.     The Individual Defendant is a fiduciary to those individuals who paid monies to Haight Realty and its insiders in exchange for the promise that they would have homes built for them through the development of the Real Property.

24.     At all times relevant herein, the Individual Defendant acted adversely to the best interests of Haight Realty and its creditors.

25.     Upon information and belief, and subject to amendment as additional information becomes available, at all times relevant herein, the Individual Defendant acted adversely to the best interests of the Corporate Defendant and its creditors.

## THE TRANSFER(S)

26.     The Committee has identified the following avoidable Transfer(s) made to Defendant, which consist of 3 check(s) in the total amount of $173,000.00:

      i.     Check/Transaction No.: 1055, dated September 11, 2018, in the amount of $10,000.00; drawn from Royal Business Bank and paid to the order of "42-29 Parsons Realty, Inc."

      ii.     Check/Transaction No.: 1390, dated June 16, 2016, in the amount of $160,000.00; drawn from Cathay Bank and paid to the order of "42-29 Parsons Realty, Inc."

     iii.     Check/Transaction No.: 1589, dated August 23, 2017, in the amount of $3,000.00; drawn from Cathay Bank and paid to the order of "42-29 Parsons Realty, Inc."

(the, "Transfer(s)" and Transfer(s) on or after June 4, 2018, the "Preference Period Transfer(s)").

27.    Upon information and belief, the Individual Defendant received subsequent transfers, or the value thereof, of each of the Initial Transfers (the "Subsequent Transfers" and together with the Initial Transfer(s), the "Transfers").

28.    Upon information and belief, and subject to amendment as additional information becomes available, the Individual Defendant (the "Subsequent Transferee Defendant") received the Subsequent Transfers of the Initial Transfer(s) referenced above, from the Corporate Defendant (the "Initial Transferee Defendant").  The Subsequent Transfers, or the value thereof, are recoverable from the Subsequent Transferee Defendant pursuant to Bankruptcy Code section 550(a).

29.    Upon information and belief, and subject to amendment as additional information becomes available, the Defendants knew or should have known that the Initial Transfers made to Initial Transferee Defendant, as well as the Subsequent Transfers made to the Subsequent Transferee Defendant, were made for a fraudulent purpose.

30.    Upon information and belief, and subject to amendment as additional information becomes available, (i) the Individual Defendant disregarded corporate formalities, such as electing directors, issuing stock or membership interests, and maintaining corporate records of the Corporate Defendant; (ii) the Corporate Defendant operated with inadequate capitalization; (iii) the Individual Defendant used corporate funds for personal rather than corporate purposes; and (iv) the payment or guarantee of debts of the Corporate Defendant were made by the owners or by another related corporation, including Haight Realty and its insiders.

31.    To the extent that any of the recovery counts may be inconsistent with each other, they are to be treated as being pled in the alternative.

32.    The Committee's investigation is ongoing and the Committee reserves the right to (i) supplement the information regarding the Initial Transfers, Subsequent Transfers, and any

additional transfers, and (ii) seek recovery of such additional transfers.

## NATURE OF THE CAUSES OF ACTION

33.     Upon information and belief, and subject to amendment as additional information becomes available, the Transfer(s) made to, or for the benefit of, Defendant were nothing more than those funds paid to Haight Realty pursuant to real estate development contracts by individuals for whom the Debtor and its insiders were supposed to act as honest real estate developers and fiduciaries.

34.     At all times relevant hereto, the Debtor was insolvent in that: (i) its assets were worth thousands to millions of dollars less than the amount of its liabilities; (ii) it could not meet its obligations as they came due; and/or (iii) at the time of the Transfer(s) to, or for the benefit of, the Defendant described herein, the Debtor was left with insufficient capital.

35.     At all times relevant hereto, the Corporate Defendant was the alter ego of the Individual Defendant.

36.     This adversary proceeding is being brought to avoid and recover transfers made to, or for the benefit of, Defendant so that this property can be equitably distributed among those who entered into contracts with the Debtor in accordance with the provisions of the Bankruptcy Code and the Plan.

### COUNT ONE
### PREFERENTIAL TRANSFERS (INITIAL TRANSFEREE)
### 11 U.S.C. §§ 547(b), 550(a), AND 551

#### *Against Initial Transferee Defendant*

37.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

38.     At the time of each of the Preference Period Transfer(s), Corporate Defendant was a

"creditor" of Haight Realty within the meaning of Bankruptcy Code section 101(10).

39.    Each of the Preference Period Transfer(s) constitutes a transfer of an interest of Haight Realty in property within the meaning of Bankruptcy Code section 101(54).

40.    Each of the Preference Period Transfer(s) was to or for the benefit of Corporate Defendant.

41.    Each of the Preference Period Transfer(s) was made for or on account of an antecedent debt owed by Haight Realty to Corporate Defendant before such transfer was made.

42.    Each of the Preference Period Transfer(s) was made while Haight Realty was insolvent.

43.    Each of the Preference Period Transfer(s) was made during the one-year preference period under Bankruptcy Code sections 547(b)(4) and 101(31).

44.    Each of the Preference Period Transfer(s) enabled Corporate Defendant to receive more than it would receive if: (i) this case was a case under chapter 7 of the Bankruptcy Code; (ii) the transfers had not been made; and (iii) such transferee received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

45.    Each of the Preference Period Transfer(s) constitutes a preferential transfer avoidable by the Committee pursuant to Bankruptcy Code section 547(b) and recoverable from Corporate Defendant or the entity for whose benefit such transfers were made pursuant to Bankruptcy Code section 550(a).

46.    As a result of the foregoing, pursuant to Bankruptcy Code sections 547(b), 550(a), and 551, the Committee is entitled to a judgment against Corporate Defendant: (a) avoiding and preserving the Preference Period Transfer(s); (b) directing that the Preference Period Transfer(s) be set aside; and (c) recovering the Preference Period Transfer(s), or the value thereof, from Corporate Defendant for the benefit of the estate of Haight Realty.

## COUNT TWO
### PREFERENTIAL TRANSFERS (SUBSEQUENT TRANSFEREE)
### 11 U.S.C. §§ 547(b), 550(a), AND 551

*Against Subsequent Transferee Defendant*

47.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48.     Each of the Preference Period Initial Transfer(s) is avoidable under Bankruptcy Code section 547(b).

49.     Upon information and belief, and subject to amendment as additional information becomes available, the Subsequent Transferee Defendant was an immediate or mediate transferee of some portion of the Preference Period Initial Transfer(s) pursuant to Bankruptcy Code section 550(a) (the "Preference Period Subsequent Transfers").

50.     Each of the Preference Period Subsequent Transfers was made directly or indirectly to or for the benefit of the Subsequent Transferee Defendant.

51.     As a result of the foregoing, the Committee is entitled to a judgment pursuant to Bankruptcy Code sections 547(b), 550(a), and 551, recovering the Preference Period Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendant for the benefit of the estate of Haight Realty.

## COUNT THREE
### FRAUDULENT TRANSFERS (INITIAL TRANSFEREE)
### 11 U.S.C. §§ 548(a)(1)(A), 550(a), AND 551

*Against Initial Transferee Defendant*

52.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

53.     Each of the One Year Transfer(s) was made on or within two years before the

Petition Date.

54.     Each of the One Year Transfer(s) constituted a transfer of an interest of Haight

Realty in property within the meaning of Bankruptcy Code sections 101(54) and 548(a).

55.     Each of the One Year Transfer(s) was made by Haight Realty with the actual intent

to hinder, delay, or defraud some or all of Haight Realty's then existing or future creditors.  Haight

Realty made the One Year Transfer(s) to or for the benefit of Defendant in furtherance of a

fraudulent real estate development scheme.

56.     Each of the One Year Transfer(s) constitutes a fraudulent transfer avoidable by the

Committee pursuant to Bankruptcy Code section 548(a)(1)(A) and recoverable from Defendant

pursuant to Bankruptcy Code section 550(a).

57.     As a result of the foregoing, pursuant to Bankruptcy Code sections 548(a)(1)(A),

550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and

preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and

(c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the

estate of Haight Realty.

## COUNT FOUR
### FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551

### *Against Initial Transferee Defendant*

58.     The Committee incorporates by reference the allegations contained in the previous

paragraphs of this Complaint as if fully rewritten herein.

59.     Each of the One Year Transfer(s) was made on or within two years before the

Petition Date.

60.     Each of the One Year Transfer(s) constitutes a transfer of an interest of Haight

Realty in property within the meaning of Bankruptcy Code sections 101(54) and 548(a).

61.    Haight Realty received less than a reasonably equivalent value in exchange for each of the One Year Transfer(s).

62.    At the time of each of the One Year Transfer(s), Haight Realty was insolvent, or became insolvent as a result of the One Year Transfer(s).

63.    At the time of each of the One Year Transfer(s), Haight Realty was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with Haight Realty was an unreasonably small capital.

64.    At the time of each of the One Year Transfer(s), Haight Realty intended to incur, or believed that it would incur, debts that would be beyond Haight Realty's ability to pay as such debts matured.

65.    Each of the One Year Transfer(s) constitutes a fraudulent transfer avoidable by the Committee pursuant to Bankruptcy Code section 548(a)(1)(B) and recoverable from Defendant pursuant to section 550(a).

66.    As a result of the foregoing, pursuant to Bankruptcy Code sections 548(a)(1)(B), 550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the estate of Haight Realty.

## COUNT FIVE
### FRAUDULENT TRANSFER
### N.Y. DEBT. & CRED. §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

#### *Against Initial Transferee Defendant*

67.    The Committee incorporates by reference the allegations contained in the previous

paragraphs of this Complaint as if fully rewritten herein.

68.     At all times relevant to the One Year Transfer(s), there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against Haight Realty that are allowable under Bankruptcy Code section 502 or that are not allowable only under Bankruptcy Code section 502(e).

69.     Each of the One Year Transfer(s) constituted a conveyance by Haight Realty as defined under N.Y. Debt. & Cred. section 270.

70.     Each of the One Year Transfer(s) was made by Haight Realty with the actual intent to hinder, delay, or defraud the creditors of Haight Realty.  Haight Realty made the One Year Transfer(s) to or for the benefit of Defendant in furtherance of a fraudulent real estate development scheme.

71.     Each of the One Year Transfer(s) was received by Defendant with actual intent to hinder, delay, or defraud creditors of Haight Realty at the time of each of the One Year Transfer(s), and/or future creditors of Haight Realty.

72.     As a result of the foregoing, pursuant to N.Y. Debt. & Cred. sections 276, 276-a, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; (c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the estate of Haight Realty; and (d) recovering attorneys' fees from Defendant.

## COUNT SIX
### FRAUDULENT TRANSFER
### N.Y. DEBT. & CRED. §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

*Against Initial Transferee Defendant*

73.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

74.     At all relevant times there was and is at least one or more creditors who held and hold matured or unmatured unsecured claims against Haight Realty that were and are allowable under Bankruptcy Code section 502 or that were and are not allowable only under Bankruptcy Code section 502(e).

75.     Each of the One Year Transfer(s) constituted a conveyance by Haight Realty as defined under N.Y. Debt. & Cred. section 270.

76.     Haight Realty did not receive fair consideration for the One Year Transfer(s).

77.     Haight Realty was insolvent at the time it made each of the One Year Transfer(s) or, in the alternative, Haight Realty became insolvent as a result of each of the One Year Transfer(s).

78.     As a result of the foregoing, pursuant to N.Y. Debt. & Cred. sections 273, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the estate of Haight Realty.

## COUNT SEVEN
### FRAUDULENT TRANSFER
### N.Y. DEBT. & CRED. §§ 274, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

*Against Initial Transferee Defendant*

79.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

80.     At all relevant times there was and is at least one or more creditors who held and hold matured or unmatured unsecured claims against Haight Realty that were and are allowable under Bankruptcy Code section 502 or that were and are not allowable only under Bankruptcy Code section 502(e).

81.     Each of the One Year Transfer(s) constituted a conveyance by Haight Realty as defined under N.Y. Debt. & Cred. section 270.

82.     Haight Realty did not receive fair consideration for the One Year Transfer(s).

83.     At the time Haight Realty made each of the One Year Transfer(s), Haight Realty was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the One Year Transfer(s) was an unreasonably small capital.

84.     As a result of the foregoing, pursuant to N.Y. Debt. & Cred. sections 274, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the estate of Haight Realty.

## COUNT EIGHT
### FRAUDULENT TRANSFER
### N.Y. DEBT. & CRED. §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

#### *Against Initial Transferee Defendant*

85.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

86.     At all relevant times there was and is at least one or more creditors who held and

hold matured or unmatured unsecured claims against Haight Realty that were and are allowable under Bankruptcy Code section 502 or that were and are not allowable only under Bankruptcy Code section 502(e).

87.    Each of the One Year Transfer(s) constituted a conveyance by Haight Realty as defined under N.Y. Debt. & Cred. section 270.

88.    Haight Realty did not receive fair consideration for the One Year Transfer(s).

89.    At the time Haight Realty made each of the One Year Transfer(s), Haight Realty had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

90.    As a result of the foregoing, pursuant to N.Y. Debt. & Cred. sections 275, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from Defendant for the benefit of the estate of Haight Realty.

## COUNT NINE
### UNDISCOVERED FRAUDULENT TRANSFERS AND OBLIGATIONS
### N.Y. C.P.L.R. 03(g), 213(8), N.Y. DEBT. & CRED. §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

### *Against Defendants*

91.    The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

92.    At all times relevant herein, the fraudulent scheme perpetrated by Haight Realty was not reasonably discoverable by at least one unsecured creditor of Haight Realty.

93.    At all times relevant herein, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against Haight Realty that were and are

allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e).

94.    The Transfers were made by Haight Realty with the actual intent to hinder, delay, or defraud the creditors of Haight Realty.  Haight Realty made the Transfers to or for the benefit of the Defendants in furtherance of a fraudulent scheme.

95.    The Defendants received the Transfers with the actual intent to hinder, delay, or defraud the creditors of Haight Realty.

96.    Upon information and belief, and subject to amendment as additional information becomes available, there remain other transfers and subsequent transfers the Committee has yet to discover as its investigation continues (the "Undiscovered Fraudulent Transfers").

97.    As a result of the foregoing, pursuant to N.Y. C.P.L.R. 203(g) and 213(8), New York Debt. Cred. §§ 276, 276-a, 278, and/or 279, and Bankruptcy Code sections 544, 550(a), and 551, the Committee is entitled to a judgment: (i) avoiding and preserving the Undiscovered Fraudulent Transfers; (ii) directing that the Undiscovered Fraudulent Transfers be set aside; (iii) recovering the Undiscovered Fraudulent Transfers, or the value thereof, from the Defendants for the benefit of the estate of Haight Realty; and (iv) recovering attorneys' fees from the Defendants.


### COUNT TEN
RECOVERY OF SUBSEQUENT TRANSFERS
N.Y. DEBT. & CRED. §§ 273–179, AND 11 U.S.C. §§ 544, 548, 550(a), AND 551

*Against Subsequent Transferee Defendant*

98.    The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

99.    Each of the Initial Transfers is avoidable under Bankruptcy Code sections 544 and 548, and N.Y. Debt. & Cred. sections 273-276.

100.     Upon information and belief, the Subsequent Transferee Defendant received some or all of the Subsequent Transfers, which are recoverable pursuant to Bankruptcy Code section 550(a).

101.     Each of the Subsequent Transfers was made directly or indirectly to, or for the benefit of, the Subsequent Transferee Defendant.

102.     The Subsequent Transferee Defendant is an immediate or mediate transferee of the Subsequent Transfers.

103.     The Subsequent Transferee Defendant received the Subsequent Transfers with actual intent to hinder, delay, or defraud creditors of Haight Realty at the time of each of the Subsequent Transfers, and/or future creditors of Haight Realty.

104.     As a result of the foregoing, pursuant to N.Y. Debt. & Cred. sections 273-279, Bankruptcy Code sections 544, 548, 550(a), and 551, the Committee is entitled to a judgment against the Subsequent Transferee Defendant recovering the Subsequent Transfers, or the value thereof, and attorneys' fees for the benefit of the estate of Haight Realty.

## COUNT ELEVEN
### UNJUST ENRICHMENT

#### AGAINST THE DEFENDANTS

105.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

106.     Defendants have been unjustly enriched.  Defendants have wrongfully and unconscionably benefited from the receipt of money from Haight Realty, for which Defendants did not in good faith provide fair value.  Rather, Defendants received these monies only as a result of perpetuating and participating in a fraudulent scheme that they were aware of or, at a minimum, should have detected, had they not been willfully blind.

107.     Defendants benefited greatly from their exploitation of the real estate development scheme perpetuated by Haight Realty's insiders.

108.     Defendants chose to ignore compelling indicia of Haight Realty's fraud.  As a result, Defendants have pocketed monies that rightfully belong to Haight Realty's creditors.  Defendants have been enriched at the expense of the Haight Realty estate and its creditors.

109.     Equity and good conscience require full restitution of the monies received by the Defendants, directly and indirectly, from Haight Realty.  This includes not only the money itself that Defendants received, but also the proceeds of that money.  Any profits earned with the money they received must be returned to the Haight Realty estate.


## COUNT TWELVE
### MONEY HAD AND RECEIVED

#### *AGAINST THE DEFENDANTS*

110.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

111.     Defendants are currently in possession, or has control over, money which originated from Haight Realty.  This money is property of the estate.  Defendants have no lawful or equitable right to this money, having obtained it through fraud, deceit, and/or mistake.

112.     In equity and good conscience, Defendants may not retain possession or control of this money, which rightfully belongs to the estate of Haight Realty.  Defendants are obligated to return all such money to the Committee.

## COUNT THIRTEEN
### PIERCING THE CORPORATE VEIL

### *Against Individual Defendant*

113.     The Committee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

114.     The Individual Defendant was an insider and/or owner of the Corporate Defendant at all times relevant herein.

115.     The Individual Defendant exercised complete dominion and control concerning the Transfer(s) received from Haight Realty, as well as those the Individual Defendant received from the Corporate Defendant.

116.     The complete dominion and control exercised over the Corporate Defendant by the Individual Defendant was used to wrongfully divert Haight Realty's assets to the detriment of Haight Realty and its creditors.

117.     Equity and good conscience require full restitution of the monies received by the Defendant Corporation, directly and indirectly, from Haight Realty.  This includes not only the money itself that the Corporate Defendant received, but also the proceeds of that money.  Any profits earned with the money it received must be returned to the Haight Realty estate.

118.     The Individual Defendant is the alter ego of the Corporate Defendant and, in the interest of justice, the corporate veil should be pierced, and the Individual Defendant held personally responsible for those claims asserted against the Corporate Defendant.

**WHEREFORE**, the Committee respectfully requests that this Court enter judgment in favor of the Committee and against the Defendants as follows:

i.     On the First Claim for Relief, pursuant to Bankruptcy Code sections 547(b), 550(a),

and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the Preference Period Transfer(s); (b) directing that the Preference Period Transfer(s) be set aside; and (c) recovering the Preference Period Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

ii.    On the Second Claim for Relief, pursuant to Bankruptcy Code sections 547(b), 550(a), and 551, the Committee is entitled to a judgment against the Subsequent Transferee Defendant: recovering the Preference Period Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendant for the benefit of the estate of Haight Realty;

iii.   On the Third Claim for Relief, pursuant to Bankruptcy Code sections 548(a)(1)(A), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

iv.    On the Fourth Claim for Relief, pursuant to Bankruptcy Code sections 548(a)(1)(B), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

v.     On the Fifth Claim for Relief, pursuant to N.Y. Debt. & Cred. sections 276, 276-a, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty; and (d) recovering attorneys' fees from the Initial Transferee Defendant;

vi.    On the Sixth Claim for Relief, pursuant to N.Y. Debt. & Cred. sections 273, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and

preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

vii.    On the Seventh Claim for Relief, pursuant to N.Y. Debt. & Cred. sections, 274, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

viii.    On the Eighth Claim for Relief, pursuant to N.Y. Debt. & Cred. sections 275, 278, and/or 279, and Bankruptcy Code sections 544(b), 550(a), and 551, the Committee is entitled to a judgment against the Initial Transferee Defendant: (a) avoiding and preserving the One Year Transfer(s); (b) directing that the One Year Transfer(s) be set aside; and (c) recovering the One Year Transfer(s), or the value thereof, from the Initial Transferee Defendant for the benefit of the estate of Haight Realty;

ix.    On the Ninth Claim for Relief, pursuant to N.Y. C.P.L.R. 203(g), New York Debt. Cred. sections 276, 276-a, 278, and/or 279, and Bankruptcy Code sections 544, 550(a), and 551, the Committee is entitled to a judgment against the Defendants: (i) avoiding and preserving the Undiscovered Fraudulent Transfers; (ii) directing that the Undiscovered Fraudulent Transfers be set aside; (iii) recovering the Undiscovered Fraudulent Transfers, or the value thereof, from the Defendants for the benefit of the estate of Haight Realty; and (iv) recovering attorneys' fees from the Defendants.

x.    On the Tenth Claim for Relief, pursuant to N.Y. Debt. & Cred. sections 273-279, Bankruptcy Code sections 544, 548, 550(a), and 551, the Committee is entitled to a judgment against the Subsequent Transferee Defendant recovering the Subsequent Transfers, or the value thereof, and attorneys' fees for the benefit of the estate of Haight Realty;

xi.    On the Eleventh Claim for Relief, a judgment awarding full restitution of the monies received by Defendant, directly and indirectly, from Haight Realty and any assets derived from that money;

xii.    On the Twelfth Claim for Relief, a judgment against Defendant for compensatory

damages in an amount to be determined at trial;

xiii.    On the Thirteenth Claim for Relief, a judgment against the Individual Defendant finding the Corporate Defendant to be the alter ego of the Individual Defendant and that the Individual Defendant is personally responsible for any and all of the Corporate Defendant's liability;

xiv.    On all Claims for Relief, pursuant to federal common law and N.Y. CPLR §§ 5001 and 5004, awarding the Committee prejudgment interest from the date on which the Transfer(s) and any additional transfer(s) were received;

xv.    On all Claims for Relief, establishment of a constructive trust over the proceeds of the transfers in favor of the Committee for the benefit of Haight Realty's estate;

xvi.    Awarding the Committee all applicable interest, costs, and disbursements of this action; and

xvii.    Granting the Committee such other, further, and different relief as the Court deems just, proper, and equitable.

Dated:    August 5, 2021
         Buffalo, New York

**GLEICHENHAUS, MARCHESE & WEISHAAR, P.C.**

_/s/ Scott J. Bogucki, Esq._

By:    Scott J. Bogucki, Esq.
      43 Court Street, Suite 930
      Buffalo, New York 14202-3100
      Tel. 716/ 845-6446
      Email    sbogucki@gmwlawyers.com

      _Counsel to the Official Committee of Unsecured Creditors_